UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PATRICK PARKS | ) | |
| | ) | |
| v. | ) | 1:12-cv-208\1:08-cr-58 |
| | ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

This matter is before the Court on Movant Patrick Parks ("Parks") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 82).[1] Parks contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution in four instances. In addition, Parks asserts two claims which effectively amounts to one claim i.e., that his conviction was the result of an unconstitutional arrest, search, and seizure because the arrest warrant did not exist prior to his arrest and testimony to the contrary by the government witnesses during his suppression hearing was untruthful.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a judge to *sua sponte* dismiss a § 2255 petition without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Because Parks § 2255 motion fails to provide any factual support for his ineffective assistance of counsel claims in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and his other claims have previously been litigated, the United States is not required to file a response.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

After reviewing the record, the Court concludes Park's § 2255 motion will be **DENIED** as the record conclusively shows Parks is not entitled to any relief under 28 U.S.C. § 2255 (Criminal Court File No. 82).

I.     **Standard of Review**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence, to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). This Court has jurisdiction under 28 U.S.C. § 1331. The movant has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977), *cert. denied*, 436 U.S. 910 (1978); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2)

a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967.

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Thus, challenges that should have been raised on direct review but were not raised will not be addressed by habeas courts unless cause is shown for the tardy challenge and "actual prejudice" resulting from the error is demonstrated, *United States v. Frady*, 456 U.S. at 167-68; or actual innocence is proven. *See Bousley v. United States*, 523 U.S. 614 (1998). In addition, a district court is precluded from considering arguments already litigated on appeal in a § 2255 proceeding. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

## II. Procedural History

On May 13, 2008, Parks was charged in a three-count indictment, in the Eastern District of Tennessee at Chattanooga, in connection with possession of cocaine base and a firearm (Criminal Court File No. 1). Parks was charged with possessing with intent to distribute five grams or more of a mixture and substance containing cocaine base on or about June 15, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One); possessing a firearm in furtherance of the drug trafficking crime set out in Count One, in violation of 18 U.S.C. § 924(c) (Count Two), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three). (Criminal Court

3

File No. 1).

Parks filed a motion to suppress all evidence seized when he was arrested and searched on June 15, 2007, claiming the arrest warrant, which was the basis for the officers arresting him and seizing his belongings, did not exist at the time of the seizure and thus, probable cause did not exist to support his arrest and the subsequent search and seizure of his property (Criminal Court File Nos. 44, 45). After conducting a hearing on the motion, the Magistrate Judge denied the motion to suppress evidence, concluding Parks was arrested on June 15, 2007, pursuant to a valid arrest warrant issued shortly before his arrest (Criminal Court File No. 62). Parks filed objections but the district court adopted the Magistrate Judge's recommendation (Criminal Court File No. 66).

Parks ultimately entered guilty pleas to Counts One and Two of the indictment pursuant to a plea agreement (Criminal Court File Nos. 71, Minute entry of plea hearing; 73, Plea Agreement). Parks was sentenced on May 13, 2010, to consecutive terms of 202 months on Count One and 60 months on Count Two, two concurrent terms of 4 years on supervised release, and was assessed a total special assessment of $200 (Criminal Court File Nos. 76, 78).

Parks pursued a direct appeal challenging the district court's denial of his motion to suppress (Criminal Court File No. 77). The Sixth Circuit affirmed the Court's denial of Parks' motion to suppress, finding Parks failed to establish the district court's credibility findings were clearly erroneous, and that the Court did not err in finding Parks was arrested pursuant to a valid arrest warrant issued shortly before his arrest on June 15, 2007 (Criminal Court File No. 80). Parks did not file a petition for writ of certiorari. Parks filed this timely motion to vacate pursuant to 28 U.S.C. § 2255 on June 21, 2012 (Criminal Court File No. 82).

## III.     Facts

On June 15, 2007, law enforcement officers arrested Parks and found him in possession of a firearm and 11.5 grams of cocaine base. The following facts pertaining to the arrest warrant are taken from the Court of Appeals for the Sixth Circuit opinion denying Parks relief on his direct appeal:

> With respect to the arrest warrant, Elinor Foster testified at the August 21, 2009, suppression hearing that her duties as Marshall County Circuit Court Clerk include issuing and signing arrest warrants. On Friday, June 15, 2007, Deputy Bill Ostermann and another officer came to Foster's house after the clerk's office had closed and asked her to issue an arrest warrant for Parks. Both Foster and Deputy Ostermann testified that Deputy Ostermann had gone to Foster's residence previously for the issuance of warrants after hours. That evening, Foster placed Deputy Ostermann under oath and, after he swore to the contents of the affidavit of complaint, signed the warrant. Deputy Ostermann later arrested Parks pursuant to the warrant and returned the original warrant to the Marshall County Sheriff's Office.
>
> Parks contends that Foster's testimony about the arrest warrant was not credible based on her prior representation that there was no warrant or that she did not recall signing the warrant. In November 2007, in response to an inquiry from a member of Parks's family, Foster signed a document stating that Parks did not have any outstanding warrants and had not had any since 2000. Foster explained at the suppression hearing that she merely checked her computer and found no record of the warrant. According to Foster, when a warrant is issued from her home, the warrant is not assigned a number or entered into the computerized records system until it has been executed and returned to the clerk's office. In March 2008, Foster received another inquiry from Parks and "decided to dig deeper." Foster discovered that the warrant, issued and served on June 15, 2007, had been returned to the Marshall County Sheriff's Office and was misplaced by that office. After Foster's investigation, she found the warrant and had it returned to the clerk's office and logged into the system. Deputy Ostermann also testified that he asked about the location of the warrant and learned that the warrant had been kept by the sheriff's office and had not been sent to the clerk's office until there was an inquiry. As further proof of Foster's lack of credibility, Parks points to the testimony of Trey Aycock, a private investigator retained by Parks, who testified that when he interviewed Foster in June 2009, she did not recall issuing the warrant. Aycock further testified that Foster recognized her signature on the warrant and had no doubt

5

that she in fact signed it. Parks also cites the preliminary examination testimony of Task Force Director Tim Lane indicating that the arrest warrant was issued sometime prior to 4:00 p.m. when the clerk's office was still open. But Director Lane was not present when the warrant was issued by Foster.

(Criminal Court File No. 80, at 2-3).

## IV. Analysis of Claims

Parks raises four alleged instances of ineffective assistance of counsel. In addition, Parks raises two issues which the Court construes as one since they both amount to an attack on the denial of his motion to suppress–an issue which both this Court and the Sixth Circuit have found to be without merit. The Court will analyze the ineffective assistance of counsel claims before disposing of the previously litigated claims.

### A. Ineffective Assistance of Counsel Claims

Parks raises four instances of alleged ineffective assistance of counsel in his § 2255 motion which the Court will address after reviewing the law applicable to ineffective of assistance of counsel claims. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown

6

in the adversary process that renders the result unreliable.

466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the movant. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

When considering the second prong in relation to a guilty plea, the movant must show a reasonably probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3rd Cir., 1995) ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial"), *cert. denied*, 516 U.S. 1058 (1996); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994), *cert. denied*, 514 U.S. 1071 (1995); *Key v. United States*, 806 F.2d 133, 139 (7th Cir. 1986) (merely making a claim that he would have pleaded differently and gone to trial is insufficient); *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985) (bare

allegation that defendant would not have pleaded guilty if her trial counsel had advised her properly is not sufficient to establish prejudice under *Strickland*). The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

Initially, the Court notes that Parks has failed to allege, much less demonstrate, prejudice as to any of his claims of ineffective assistance of counsel as he has failed to demonstrate a reasonable probability that, but for counsel's deficient performance, he would have insisted on proceeding to trial. Consequently, because there is nothing before the Court that even suggests there may be a reasonable probability that Parks would have proceeded to trial, he has failed to demonstrate prejudice. *Parry v. Rosemeyer*, 64 F.3d at 118 ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial"). Nevertheless, regardless of Parks's failure to sufficiently allege any prejudice, as explained below, he has also failed to sufficiently allege any

deficient performance by counsel.

1. *Abandonment of all Issues Except the Suppression Issue*

In his first claim, Parks contends "[c]ounsel abandoned all issues except suppression of gun and drugs." (Criminal Court File No. 82). Not only does Parks fail to identify whether he is complaining about counsel's performance in the district court or at appellate level, he fails to identify what issues counsel abandoned. The Court's review of the record in this case has failed to reveal an issue that counsel should have raised either in the district or appellate court other than the suppression issue which counsel raised in both courts. The record reflects counsel thoroughly and tenaciously litigated the arrest warrant and suppression issue in both courts, but the facts demonstrated the arrest, search, and seizure were based on a valid arrest warrant.

Nevertheless, Parks's factually deficient bare assertion that counsel abandoned all but the suppress issue is insufficient to meet the pleading requirements for a § 2255 motion as he has failed to provide any factual support for this claim in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. Thus, absent any factual support, this claim is insufficient to permit the Court to even infer a real possibility of a constitutional error. Because Parks has failed to provide any factual support, this allegation is insufficient to support a request for relief under § 2255. Accordingly, Parks will be **DENIED** relief on his claim that counsel abandoned all issues except the suppression claim.

2. *Application of Sentencing Guidelines*

Next, Parks claims "[c]ounsel failed to explain how the sentencing guidelines would apply in the defendants [sic] case." (Criminal Court File No. 82). Such a general and vague assertion is insufficient to indicate a real possibility of a constitutional error. Once again, in violation of Rule

9

2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, Parks has failed to state any facts to support this allegation.

Even assuming counsel was deficient in this regard, Parks has failed to demonstrate, much less allege, he suffered any prejudice as there is nothing before the Court from which it is even able to infer a reasonable probability that, but for counsel's failure to explain how the sentencing guidelines would apply in his case, Parks would not have pleaded guilty and would have insisted on proceeding to trial.

Moreover, Parks's plea agreement contradicts this allegation. Indeed, Parks signed his plea agreement which specified the statutory penalties he was facing and wherein he acknowledged "that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553." (Criminal Court File No. 73, at 6 ¶ 8). Consequently, Parks was on notice that his sentence would be based on the entire scope of his criminal conduct and his prior criminal history.

Accordingly, Parks's claim that counsel failed to explain how the sentencing guidelines would apply to his case will be summarily **DENIED** pursuant to Rule 4(b) for failing to set forth facts with sufficient detail to indicate a real possibility of constitutional error in violation of Rule 2(b) of the federal rules governing § 2255 motions, and alternatively, as meritless since he has failed to demonstrate he suffered any prejudice.

      3.    *Involuntary Plea*

Next, Parks claims his plea was involuntary and a product of ineffective assistance of counsel. Once again, however, Parks has violated Rule 2(b) of the Rules Governing Section 2255

Proceedings for the United States District Court, as he has failed to state any facts to support this allegation. Parks failed to provide any factual support to his bald claim that his plea was involuntary and a product of ineffective assistance of counsel. In addition, Parks's plea agreement, which he signed, reflects his plea was voluntary (Criminal Court File No. 73). Indeed, Parks signed his plea agreement reflecting he read the indictment, discussed the charges and possible defenses with defense counsel, understood the crimes with which he was charged, and agreed to the facts evidencing each element of the crimes (Criminal Court File No. 73, ¶ 3, p. 2- 4). The plea agreement further reflects that Parks understood the rights he was relinquishing by deciding to plead guilty and the sentencing possibilities.

Accordingly, Parks's will be **DENIED** relief on his factually unsupported involuntary plea claim.

    4.    *Failure to Subpoena Witnesses*

In Parks's final ineffective assistance of counsel claim, he contends counsel failed to subpoena witnesses. Initially, the Court observes Parks did not have a trial, but rather, pleaded guilty, thus preventing the need for any witnesses to be subpoenaed. In addition, Parks has not identified a single witness he claims counsel should have subpoenaed, the substance of any proposed testimony, or that he even requested counsel to call any witness. More importantly, Parks has not shown how using any of these unidentified witnesses would have assisted him or how he was harmed by counsel's alleged failure to subpoena witnesses.

Accordingly, Parks's claim that counsel was ineffective for failing to subpoena witnesses is without merit, and relief will be **DENIED**.

    **B.**    **Previously Litigated Claims**

Parks raises two claims wherein he alleges his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure when he was illegally arrested pursuant to a "questionable" or non-existent arrest warrant (Criminal Court File No. 82, p. 4). Both claims amount to an attack on the arrest warrant which was the subject of his suppression motion and his direct appeal.

In addition to the Court denying Parks's motion to suppress, a panel of the Sixth Circuit considered the claim, and explicitly rejected Parks's argument his arrest warrant did not exist at the time of his arrest and, alternatively, that the officers lacked probable cause for the arrest. In addition, the Sixth Circuit found no error with the Court's credibility findings regarding the testimony of Ms. Foster, the Clerk who issued the warrant. When denying the motion to suppress, the Court agreed with the magistrate judge's conclusion that although Ms. Foster's memory was not the best, she was credible. The Sixth Circuit concluded the district court did not err in finding Parks was arrested pursuant to a valid warrant "given that Foster provided a plausible explanation for why the warrant was not recorded and that her testimony regarding the issuance and misplacement of the warrant was corroborated by Deputy Ostermann[.]" (Criminal Court File No. 80, at 3-4).

Parks makes virtually the same argument here as he did in his suppression motion and on direct appeal. Therefore, it appears Parks is attempting to relitigate matters that were previously considered and rejected by this Court and the Court of Appeals. Although worded differently, Parks's claim challenging his conviction in his § 2255 motion is a transparent attempt to relitigate the arrest warrant issue rejected by both this court and the appellate court. Therefore, Parks is not entitled to relief on this claim for several reasons.

First, he is not entitled to relief because he raised the claim regrading the alleged faulty arrest

12

warrant in his motion to suppress and on direct appeal, and both this Court and the Sixth Circuit ruled against him. Parks is not entitled to relief on this claim because it is well-settled that a § 2255 motion may not be employed to re-litigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. *Oliver v. United States*, 90 F. 3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *United States v. Jones*, 918 F.2d 9, 10 (2nd Cir. 1990); *United States v. Grimes*, 573 F. Supp. 1202, 1206 (S.D. Ohio, 1983).

The Sixth Circuit has previously addressed and rejected the claim that the arrest warrant did not exist at the time of his arrest and the officers lacked probable cause to arrest him (Criminal Court File No. 80). In Parks's direct appeal the appellate court addressed the warrant issue and the district court's credibility determinations and affirmed the Court's denial of the motion to suppress. Therefore, to the extent Parks raised this issue on his initial appeal, he has failed to show exceptional circumstances which would allow him to relitigate these issues.

Second, the issues decided by the Sixth Circuit on direct appeal are the law of the case. The law of the case doctrine mandates that issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitutes the law of the case. *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994); *United States v. Campbell*, No. 95-cr-81192, 01-cv-73211-DT, slip op. (E.D. Mich. Jan. 25, 2002), *available in* 2002 WL 3219979, at *2-3. Since the Sixth Circuit determined Parks's motion to suppress was properly denied as his arrest was based on a legal warrant on direct appeal, this Court is bound by that determination. Hence, the law of the case doctrine applies to this claim and this Court is proscribed from addressing the legality of the warrant claim.

13

Third, the Sixth Circuit's decision that the warrant is valid plainly bars the Court from considering these claims even though they do not challenge the suppression decision verbatim. *See Jones v. United States*, 178 F.3d at 796 ("It is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstance, such as an intervening change in the law." (Citations omitted)). This is so, even though Parks has re-worded his claim as one that his conviction is unconstitutional and a product of outrageous governmental conduct. Here, although Parks asserts his arrest and search were unconstitutional and the result of outrageous governmental conduct, he supports these claims with the same unsuccessful arguments he made when challenging the Court's denial of his motion to suppress on direct appeal i.e., attacking the credibility of the witnesses as to issuance of the arrest warrant. Although it does not appear he specifically argued his conviction was the product of outrageous governmental conduct on direct appeal, in effect Parks's suppression issue and his unconstitutional conviction issues are the same as they are both based on his underlying argument that Ms. Foster's testimony is not credible and therefore, the arrest warrant was not issued prior to his arrest. Undoubtedly, the claims, in effect, have been previously litigated.

Nevertheless, even assuming these claims were not previously raised, no relief is warranted as they are procedurally defaulted. Generally, claims not raised on direct appeal may not be raised on collateral review absent a showing of cause and prejudice, *see United States v. Frady,* 456 U.S. 152, 167-68 (1982) (a showing of cause and prejudice is required in order to obtain collateral relief based on trial errors to which no contemporaneous objection was made), or actual innocence. *Bousley v. United States*, 523 U.S. 614 (1998) (habeas review extraordinary remedy not allowed to do service for an appeal unless the defendant can demonstrate cause and prejudice or actual

14

innocence). Therefore, to the extent Parks did not raise these specific claims on appeal, he has failed to allege, much less demonstrate, cause and prejudice or actual innocence.

Finally, even aside from the procedural default, assuming for the sake of discussion that these claims are properly before the Court for disposition in this § 2255 proceeding, Parks has failed to demonstrate the warrant did not exist at the time of his arrest or present any credible evidence suggesting such is the case. Thus, Parks has failed to carry his burden of demonstrating his conviction was obtained as a result of unconstitutional arrest, search, and seizure.

In sum, Parks's claims–asserting an unconstitutional arrest based on outrageous government conduct and attacking the arrest warrant and the credibility of the witnesses issuing and obtaining the warrant–previously have been litigated and do not present any exceptional circumstances which would permit this Court to reconsider these claims here. Therefore, Parks may not relitigate these claims in this proceeding. Accordingly, Parks's will be **DENIED** relief on his claims that his conviction is unconstitutional because it resulted from an illegal arrest warrant and outrageous government conduct.

## V.     Conclusion

Accordingly, Parks has failed to establish he is entitled to any § 2255 relief. For the reasons explained above, Parks's conviction and sentencing are not in violation of the Constitution or laws of the United States. Accordingly, Park's claims do not entitle him to § 2255 relief, thus his § 2255 motion will be **DENIED WITH PREJUDICE** (Criminal Court File No. 82), this action will be **DISMISSED**, and the Clerk will be **DIRECTED** to close the case.

A separate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**